IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

RONALD G. JOHNSON,

        Petitioner,    :    Case No. 3:15-cv-407

- vs -    District Judge Walter Herbert Rice
    Magistrate Judge Michael R. Merz

ERNIE MOORE, Warden,
Lebanon Correctional Institution,

    :

        Respondent.

## REPORT AND RECOMMENDATIONS

This habeas corpus case is before the Court on Respondent's Motion to Dismiss the Petition as time-barred (ECF No. 8). Petitioner has filed a timely Response in opposition (ECF No. 10).

The Petition in this case challenges sentences aggregated from multiple convictions in Montgomery, Fayette, Adams, Madison, and Highland Counties. Rule 2(e) of the Rules Governing § 2254 Cases requires that a petitioner who seeks relief from judgments of more than one state court must file a separate petition covering the judgment or judgments of each court. The Warden makes no objection to the aggregation and Johnson asserts he is not challenging any of the convictions, but rather the calculation of the Ohio Department of Rehabilitation and Corrections as to when the sentences expire (Response, ECF No. 10).

Johnson alleges his right to a writ of habeas corpus did not accrue until the date he was entitled to release which he says was October 10, 2015. *Id.* at PageID 429. It is true that a person's right to file for a writ of habeas corpus under Ohio law does not accrue until the person

1

is entitled to immediate release. *State ex rel Lemmon v. Ohio Adult Parole Authority*, 78 Ohio St. 3d 186 (1997). But that is not true of the federal writ. Federal habeas is available to anyone who is held in custody in violation of the United States Constitution. Thus a person held on excessive bail has a right to sue for a federal writ even pre-trial. Persons held on state court judgments must, practically speaking, exhaust state court remedies before suing, although a premature habeas petition can be stayed pending exhaustion. *Rhines v. Weber*, 544 U.S. 269, 277-278 (2005).

State convictions become final for purposes of the statute of limitations on the last of four possible dates. 28 U.S.C. § 2244(d)(1)(A) through (D). The Warden asserts the most liberal date for Petitioner's purposes is the date he learned of the ODRC miscalculation that would result in what he claims to be an unlawfully long sentence. The Return of Writ shows that he had actual knowledge of the sentence the Bureau of Sentencing Computation believed he was required to serve on or about October 31, 2007 (Motion, ECF No. 8, PageID 419, citing to State Court Record, ECF No. 7, Exh. 39, PageID 277). Johnson does not deny that he had that notice on or about that date.

Given a November 1, 2007, start date for the statute of limitations, the expiration would have been November 1, 2008. As the Warden points out, Johnson filed no state collateral attacks during that year, so the statute was not tolled under 28 U.S.C. § 2244(d)(2). Johnson makes no rebuttal to that position, no claim to equitable tolling, and no claim of actual innocence to excuse the late filing of his Petition, which occurred November 17, 2015, more than seven years late.

It is therefore respectfully recommended that the Petition be dismissed with prejudice as barred by the statute of limitations. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify

to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

March 21, 2016.

s/ *Michael R. Merz*<br>United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).