# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

RONALD G. JOHNSON,

        Petitioner,    :    Case No. 3:15-cv-407

- vs -    District Judge Walter Herbert Rice
    Magistrate Judge Michael R. Merz

ERNIE MOORE, Warden,
 Lebanon Correctional Institution,

    :

        Respondent.

## SUPPLEMENT TO SUBSTITUTED REPORT AND RECOMMENDATIONS

On March 22, 2016, the Magistrate Judge filed a Substituted Report and Recommendations (ECF No. 14) in response to Petitioner's withdrawal of his prior memorandum in opposition and substitution of a new response (ECF No. 12 & 13). The next day, March 23, 2016, Petitioner filed another response (ECF No. 15). Then on March 24, 2016, he filed Objections to the Substituted Report (ECF No. 16). On March 29, 2016, he filed an Amended Response to the Warden's Motion to Dismiss (ECF No. 17). On April 4, 2015, he filed an "Alternative Writ," seeking relief in mandamus or by way of declaratory judgment (ECF No. 19). Judge Rice has recommitted the case for consideration of these various additional filings (Recommittal Order, ECF No. 18)..

In the Substituted Report the Magistrate Judge found that Johnson learned of what he asserts is the erroneous calculation of his sentence by the Bureau of Sentence Calculation on or about October 31, 2007 (ECF No. 14, PageID 444). The Magistrate Judge calculated that the

1

statute of limitations began to run on that date and expired a year later, November 1, 2008.  The instant habeas petition was not filed until November 12, 2015, more than seven years later, and was accordingly found to be time-barred. *Id.*  at PageID 445.

Johnson's new filings admit he learned of the allegedly erroneous calculation in 2007 (ECF No. 15, PageID 449).  He claims he should be entitled to statutory tolling under 2244(d)(2) because he has continuously pursued collateral litigation attacking this calculation ever since he learned of it.

28 U.S.C. § 2244(d)(2) tolls the statute for "[t]he time during which a properly filed application for State post-conviction or other collateral review . . .is pending."  But the Warden contends and the record demonstrates that no application for collateral review was filed in the state courts during the year between November 1, 2007, and November 1, 2008.  In fact, no state court filing happened at all until 2011 (Motion to Dismiss, ECF No. 8, PageID 319).

In *Wall v. Kholi*, 562 U.S. 545 (2011), the Supreme Court unanimously held that collateral review means **judicial** review of a sentence in a proceeding that is not part of direct review.  Thus whatever administrative efforts Russell made to get the Ohio Bureau of Sentence Calculation to change its mind do not count as applications for collateral review under § 2244(d)(2).  In fact, the Supreme Court has read 2244(d)(2) quite literally and even a federal habeas petition is not an application for state collateral review and therefore does not toll the statute under § 2244.  *Duncan v. Walker,* 533 U.S. 167 (2001).

Johnson also argues he should be eligible for equitable tolling (ECF No. 15, PageID 449). The one-year statute of limitations in 28 U.S.C. § 2244 is subject to equitable tolling. *Holland v. Florida*, 560 U.S.  631, 645 (2010). A petitioner is "'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently and (2) that some extraordinary

circumstance stood in his way' and prevented timely filing." *Menominee Indian Tribe of Wisconsin v. United States*, 136 S. Ct. 750, 193 L. Ed. 2d 652(2016); *Ata v. Scutt*, 662 F.3d 736 (6th Cir. 2011), *quoting Holland*, 130 S. Ct. at 2562, *quoting Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). "[T]he second prong of the equitable tolling test is met only where the circumstances that caused a litigant's delay are both extraordinary *and* beyond its control." *Menominee Indian Tribe*, 136 S. Ct. at 756, citing *Holland* (emphasis sic). Johnson has not shown diligent pursuit of his rights because he filed nothing in the state courts until 2011. And he has not shown the requisite extraordinary circumstances.

In several of his filings, Johnson makes clear the basis of his arguments for proper calculation of his combined sentence. All depend on his reading of various Ohio statutes, particularly his claim for jail credit for time spent confined awaiting trial and what he refers to as state statutory due process. In his Alternative Writ, he asks this Court to enforce the relevant Ohio statutes, interpreted as he believes they should be interpreted. However, the federal courts lack jurisdiction to enforce state statutes by mandamus or to provide a declaratory judgment which Johnson could then enforce in the state courts. *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89 (1984).

The Magistrate Judge therefore again respectfully recommends that the Motion to Dismiss be GRANTED and the Petition be dismissed with prejudice as barred by the statute of limitations.

April 5, 2016.

s/ *Michael R. Merz*
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).